EXHIBIT A

**STATE OF RHODE ISLAND**
**WASHINGTON, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **TIMOTHY M. CLORITE and SHORELANDS, LLC** Plaintiffs | : | |
| v. | : | **C. A. No. WC 08-** |
| **PATRICIA SUNDERLAND, in her capacity as Finance Director for the TOWN OF NORTH KINGSTOWN** Defendant | : | |

**VERIFIED COMPLAINT**

1. Plaintiff, Timothy M. Clorite, is the owner of real estate located at 65 Lloyd Road, Saunderstown, Rhode Island. Timothy M. Clorite has owned this real estate since about January, 1997.

2. Plaintiff, Shorelands, LLC, owns the real estate across Lloyd Road and upland of Timothy Clorite, located at 110 and 137 Lloyd Road, Saunderstown, Rhode Island. Shorelands, LLC has owned this real estate for about two years.

3. The membership interest of Shorelands, LLC is wholly owned by Timothy M. Clorite.

4. The real estate described in Paragraph Nos. 1 and 2 above is hereinafter referred to as the "Clorite Property".

5. Defendant, Patricia Sunderland is named in this Complaint in her capacity as Finance Director for the Town of North Kingstown.

6. The Town of North Kingstown (hereinafter referred to as "North Kingstown") is the owner of certain real estate used, *inter alia*, as roadways in the Town

of North Kingstown, including but not limited to, Champlin Road, Curtis Road, Hillside Street, Lloyd Road and Quarry Road.

7. The western terminus of Champlin Road is over eighty feet higher than the eastern terminus of the Clorite Property.

8. North Kingstown has constructed asphalt curbs and/or berms on both sides of Champlin Road beginning at Boston Neck Road and running downhill past Curtis Road.

9. The installation of asphalt curbs and/or berms along Champlin Road causes channelized gutter flow and prevents more uniform surface water distribution from the southerly and easterly sides of Champlin Road onto abutting lots, causing water to flow onto the Clorite Property.

10. North Kingstown has constructed asphalt curbs and/or berms along Curtis Road.

11. The installation of asphalt curbs and/or berms along Curtis Road causes channelized gutter flow and prevents more uniform surface water distribution from the easterly side of Curtis Road onto abutting lots, causing water to flow onto the Clorite Property.

12. North Kingstown has constructed catch basins and storm drainage lines along Curtis Road.

13. The catch basins and drainage pipes along Curtis Road collect stormwater runoff from additional lands consisting of approximately 7.8± acres and redirect the runoff from this area to flow towards the Clorite Property.

14. The asphalt curbs/berms combined with the catch basins and pipes have nearly doubled the area of subcatchment and substantially increased the runoff directed to the Clorite Property.

15. North Kingstown has constructed a double catch basin and piping on the easterly side of the North-South section of Champlin Road.

16. Surface water runoff is now collected into the double catch basin and flows through a pipe, reducing the time of concentration and therefore, increasing the peak flows entering the Clorite Property.

17. Groundwater infiltrates into the double catch basin and pipe, bringing groundwater to the surface to be discharged at the drain's outlet and ultimately to the Clorite Property.

18. North Kingstown has raised and repaved the north end of Lloyd Road near Quarry Road.

19. Raising the grade of Lloyd Road prevents stormwater from flowing into Quarry Road from this area, but redirects this flow towards the stream which enters and bisects the Clorite Property.

20. The actions of North Kingstown constitute an unreasonable use of its real estate.

21. The failure of North Kingstown to restrict water from damaging the Clorite Property is both negligent and a continuing nuisance.

22. North Kingstown has failed to take reasonable care to avoid unnecessary injury to the Clorite Property.

23. North Kingstown has failed to install a reasonable and feasible drainage system to avoid damage to the Clorite Property due to water runoff.

24. The Clorite Property has been damaged by the actions of North Kingstown.

25. Timothy M. Clorite and Shorelands, LLC have spent thousands of dollars repairing and replacing structures damaged by the flooding caused by North Kingstown.

26. Timothy M. Clorite and Shorelands, LLC has also suffered damage in the form of diminution of the value of its real estate, which is now subject to periodic flooding due to the failure of North Kingstown to remedy the situation created by the alterations to the roadways and other real estate owned by North Kingstown.

27. North Kingstown altered the grade of its roadways and other real estate, and rendered the surface impermeable to natural absorption of surface water into the ground.

28. North Kingstown created the situation described above, and now is responsible to determine and implement an adequate remedy acceptable to Timothy M. Clorite and Shorelands, LLC.

29. As a result of the activities of North Kingstown, instead of being naturally absorbed into the ground, surface water now flows upon the Clorite Property, and thereby has greatly increased the volume of surface water coming upon the Clorite Property.

30. The activities of North Kingstown has created a nuisance and a condition dangerous to the maintenance of the structures on the Clorite Property, and these conditions caused by North Kingstown's acts seriously impair the beneficial use of the Clorite property.

31. North Kingstown's alterations have created excessive surges of water, erosion, and other damaging and dangerous conditions on the Clorite Property.

32. North Kingstown has failed to properly manage development along Champlin Road, Curtis Road, Lloyd Road and Quarry Road.

33. The actions and activities of North Kingstown have caused streams on the Clorite Property to increase in size, volume and intensity.

34. The actions and activities of North Kingstown have caused damage to the trees, walls and other structures on the Clorite Property.

35. Timothy Clorite has notified North Kingstown of its unlawful actions and activities and has demanded that North Kingstown take remedial action to restore and protect the Clorite Property, but North Kingstown has refused and failed to take such action.

36. Timothy M. Clorite and Shorelands, LLC filed a claim with the Town Council of the Town of North Kingstown on or about October 16, 2007 pursuant to R.I. Gen. Laws § 45-15-5.

**COUNT I**

**NEGLIGENCE**

37. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 36 of the Complaint as Paragraph Number 37 of this Count I, as though fully set forth herein.

38. North Kingstown has a duty to Timothy M. Clorite and Shorelands, LLC not to permit or allow the unreasonable diversion of surface and sub-surface water from North Kingstown's property onto the Clorite Property.

39. North Kingstown has a duty to respond promptly to the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property, and to otherwise protect the Clorite Property from unreasonable diversion of surface and sub-surface water.

40. North Kingstown has breached these duties by its negligent acts and omissions in filling, modifying, maintaining, and controlling its property and by its failure to prevent the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property, and by failing to address promptly and effectively the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property.

41. North Kingstown has also breached its duty to warn Timothy M. Clorite and Shorelands, LLC of the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property.

42. North Kingstown's continuing unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property is the proximate cause of substantial injury and damage to Timothy M. Clorite and Shorelands, LLC, including, but not limited to, injury in the form of damage to the Clorite Property.

43. North Kingstown's breaches of its duties to Timothy M. Clorite and Shorelands, LLC are continuing and have caused substantial injury and damage to Timothy M. Clorite and Shorelands, LLC, including, but not limited to, injury in the form of damages to the Clorite Property.

**COUNT II**

**PUBLIC NUISANCE**

44. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 43 of the Complaint as Paragraph Number 44 of this Count II, as though fully set forth herein.

45. In continuing the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property, North Kingstown acted intentionally.

46. The consequences of the actions of North Kingstown were substantially foreseeable.

47. North Kingstown caused the harm to the public.

48. The harm North Kingstown caused to the public is substantial and unreasonable.

**COUNT III**

**PRIVATE NUISANCE**

49. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 48 of the Complaint as Paragraph Number 49 of this Count III, as though fully set forth herein.

50. North Kingstown continues to maintain, operate and control its property as a private nuisance to the Clorite Property.

51. North Kingstown's diversion of surface and sub-surface water from its property onto the Clorite Property is unreasonable and continuing.

52. North Kingstown's continuing maintenance of its property so as to cause and permit further unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property constitutes an unreasonable, unwarranted and unlawful use of its property.

53. North Kingstown's maintenance of this nuisance has substantially interfered with Timothy Clorite and Shorelands, LLC's reasonable use and enjoyment of the Clorite Property.

54. Timothy M. Clorite and Shorelands, LLC has incurred substantial damage as a result of North Kingstown's ongoing maintenance, operation and control of its property as a private nuisance.

**COUNT IV**

**TRESPASS**

55. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 54 of the Complaint as Paragraph Number 55 of this Count IV, as though fully set forth herein.

56. North Kingstown caused and permitted the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property.

57. North Kingstown's actions are unlawful and without the consent of Timothy M. Clorite and Shorelands, LLC.

58. In spite of its knowledge of the unreasonable diversion of surface water from its property onto the Clorite Property, North Kingstown has failed to remove or otherwise remediate the continuing unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property.

59. North Kingstown's continuing wrongful acts and omissions result in continuing damage to the Clorite Property and continuing invasion of the Clorite Property, all without the consent of Timothy Clorite and Shorelands, LLC.

60. The invasion of the Clorite Property by North Kingstown is unreasonable and unlawful.

61. As a result of North Kingstown's continuing trespasses, the lawful right of Timothy M. Clorite and Shorelands, LLC to use and enjoy the Clorite Property has been substantially interfered with, and Timothy Clorite and Shorelands, LLC have been damaged thereby.

## COUNT V

## DIMINUTION OF VALUE OF PLAINTIFF'S LAND

62. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 61 of the Complaint as Paragraph Number 62 of this Count V, as though fully set forth herein.

63. By continuing the unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property, North Kingstown caused physical damage to the Clorite Property.

64. Repair and remediation of the damage done to the Clorite Property will not restore the value of the Clorite Property to its prior level.

65. Timothy M. Clorite and Shorelands, LLC are entitled to compensatory damages in the amount of the diminution in value of the Clorite Property caused by North Kingstown's continuing unreasonable diversion of surface and sub-surface water from its property onto the Clorite Property.

## COUNT VI

## STRICT LIABILITY

66. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 65 of the Complaint as Paragraph Number 66 of this Count VI, as though fully set forth herein.

67. The injuries to the Clorite Property were proximately caused by the ultrahazardous or abnormally dangerous activities of North Kingstown.

68. North Kingstown's ultrahazardous or abnormally dangerous activities proximately caused damage to the Clorite property.

## COUNT VII

## INVERSE CONDEMNATION

NO COV-G

69. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 68 of the Complaint as Paragraph Number 69 of this Count VII, as though fully set forth herein.

70. The only economically beneficial use and value of the Clorite Property is as a residence and a farm.

71. North Kingstown's unreasonable use of its property has deprived Timothy M. Clorite and Shorelands, LLC of all economically beneficial use of the Clorite Property and has rendered the Clorite Property valueless.

72. The taking of the Clorite Property is permanent in nature.

73. Timothy M. Clorite and Shorelands, LLC have retained the undersigned attorneys and has been obligated to pay for not only their services, but also other costs

and expenses incurred as a result of this action, and the unreasonable actions of North Kingstown.

74. Since the date of taking, Timothy M. Clorite and Shorelands, LLC has been deprived of the use of the Clorite Property without compensation and are entitled to interest on the award of compensation from the date of taking through the date of payment of compensation.

75. Timothy M. Clorite and Shorelands, LLC have rights guaranteed to them under the takings and due process clauses of U.S. Constitution Amendments V and XIV, of article I, section 16 of the Rhode Island Constitution, and has additional statutory rights, including rights pursuant to 42 U.S.C. Section 1983, which legal rights have been violated by north Kingstown as a result of the actions described and set forth in this Complaint.

**COUNT VIII**

**INJUNCTIVE RELIEF**

76. Timothy M. Clorite and Shorelands, LLC repeats, realleges, and incorporates by reference Paragraph Numbers 1 through 75 of the Complaint as Paragraph Number 76 of this Count VII, as though fully set forth herein.

77. The actions and activities of North Kingstown have caused and will continue to cause substantial damage to the stream, stone wall, adjacent riverbanks, vegetation, lawn and home on the Clorite Property.

78. Immediate, temporary measures are necessary to preserve the status quo and protect the Clorite Property from immediate, irreparable harm.

79. Permanent measures, including full restoration of the Clorite Property to pre-alteration conditions is necessary to protect the Clorite Property from continued substantial harm and damage.

80. Timothy M. Clorite and Shorelands, LLC have no adequate remedy at law.

**Relief Requested**

WHEREFORE, Timothy M. Clorite and Shorelands, LLC respectfully request that this Court grant the following relief against North Kingstown:

A. Award Timothy M. Clorite and Shorelands, LLC compensatory and other appropriate damages in an amount to be determined by the evidence at trial;

B. Award Timothy M. Clorite and Shorelands, LLC punitive damages in an amount sufficient to deter North Kingstown and other municipalities who are similarly situated from acting in a similar manner;

C. Issue a temporary restraining order and/or preliminary injunction requiring North Kingstown alleviate and control excess runoff to the real property of Timothy M. Clorite and Shorelands, LLC;

D. Issue permanent injunctive relief requiring North Kingstown to fully restore the real property of Timothy Clorite and Shorelands, LLC to pre-alteration conditions;

E. Issue a mandatory injunction ordering North Kingstown to provide adequate drainage facilities to protect the Clorite Property against injury from surface water runoff from the Defendants' property;

F. Award Timothy M. Clorite and Shorelands, LLC their costs of suit, including expert fees and attorney's fees, and such other and further relief as the Court deems appropriate and just;

G. Enter an Order of Taking establishing the date of taking of the real property of Timothy M. Clorite and Shorelands, LLC;

H. Impanel a jury to determine the amount of full compensation due to Timothy M. Clorite and Shorelands, LLC for the taking of their private property;

I. Award statutory attorneys' fees, including attorney fees under 42 U.S.C. §1988 and R.I. Gen. Laws §9-1-45, costs and interest to Timothy Clorite and Shorelands, LLC for the prosecution of this action; and

J. Grant such other relief as the Court deems proper.

**Timothy M. Clorite and Shorelands, LLC**
**By their attorneys,**

**Thomas V. Moses (#2763)**
**Stephen A. Izzi (#2928)**
**Richard J. Welch (#4497)**
**Moses Afonso Jackvony Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

**April ___, 2008**

**Jury Trial Demand**

Plaintiff demands a trial by jury on all issues so triable.

Stephen A. Izzi (#2928)

**VERIFICATION**

I, Timothy M. Clorite, individually and as the sole member of Shorelands, LLC, have read the factual allegations of this Verified Complaint and they are true and accurate allegations to the best of my personal knowledge.

Timothy M. Clorite

Subscribed and sworn to before me this 30 day of April, 2008 .

Notary Public
My commission expires: 10/08/2010

G:\DATA\WPDATA\Clorite\Clorite v. North Kingstown\Clorite Complaint 10.15.07.doc